UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

GARY SILVERSMITH
   and
P&L INVESTMENTS & HOLDINGS X, LP,
1730 Rhode Island Avenue, N.W., #1005,
Washington, D.C. 20036,

                Plaintiffs,

          v.

MICHAEL BEREZOVSKY,
174 Avenue A, Suite 5B
New York, NY
10009

**Serve on**:

Michael Berezovsky
174 Avenue A, Suite 5B
New York, NY 10009

                Defendant.

1:22-cv-993

**TRIAL BY JURY DEMANDED**

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

COMES NOW Plaintiffs Gary Silversmith ("Mr. Silversmith") and P&L Investments & Holdings X, LP ("P&L", and, collectively with Mr. Silversmith, the "Plaintiffs" and each a "Plaintiff"), as and for their Complaint for Declaratory Judgment and Tortious Interference with Prospective Business Advantage against Defendant Michael Berezovsky ("Defendant" or Berezovsky") and hereby state as follows

### STATEMENT OF THE CASE

1. This case is about the Defendant, a New York City hard money lender, improperly using a legitimate judgment to attempt to force a borrower to pay far more than he

owes and far more than is legally allowed.  Notwithstanding having received more than $70,000.00 on account of his original $52,100.00 loan, Defendant Berezovsky now demands more than $300,000.00 to satisfy his judgment and release his lien on land belonging to Plaintiffs.  Defendant Berezovsky's wrongful and improper demands have already cost Plaintiffs hundreds of thousands of dollars in expected (but due to Defendant's conduct, missed) business opportunities and economic advantage.  Settled law and the interests of justice provide that this Court should enter a judgment (i) that declares the amount due and owing to Defendant (an amount far less than the extortionate $300,000.00 Defendant now demands) and that Plaintiffs can extinguish their debt to Defendant by paying the amount the Court declares; and (ii) awarding damages against Defendant Berezovsky, and in favor of Plaintiffs, on account of the opportunities Plaintiffs lost because of Defendant's wrongful and improper conduct.

2.	This lawsuit arises from a $52,100.00 loan (the "Loan") to purchase parcels of land located in Allegheny County, Pennsylvania (the "Property") that Defendant extended to P&L and that Mr. Silversmith personally guaranteed.  *See* Term Loan Agreement & Promissory Note (Dec. 31, 2012) (attached hereto as Exhibit A).  P&L is in the business of purchasing, remediating, and reselling Brownfields – i.e., "property, the expansion, redevelopment, or reuse of which may be complicated by the presence or potential presence of a hazardous substance, pollutant, or contaminant" (https://www.epa.gov/brownfields/overview-epas-brownfields-program).  *See* http://pandlinvestments.com/.  Defendant understood the nature of P&L's business as early as 2012 – the Loan specifically referenced Plaintiffs' intended resale of a parcel from the

Property.  When Plaintiffs were unable to repay the Loan after selling one parcel from the Property, Defendant filed an action in the Superior Court for the District of Columbia.

3. On October 15, 2014, the Superior Court for the District of Columbia entered a Consent Judgment Order (the "Consent Judgment Order") in favor of Defendant and against Plaintiffs with respect to the Loan.  *See* Consent Judgment Order (attached hereto as Exhibit B).  The Consent Judgment Order, which reflected earned interest on the principal of $52,100.00 as of the date of its entry, was in the amount of $83,000.00 and was to accrue post-judgment interest at the legal rate.  *See* Consent Judgment Order (Ex. B) ¶ 3.

4. On April 18, 2019, Defendant filed the Consent Judgment Order in the Court of Common Pleas for Allegheny County, Pennsylvania, thereby obtaining a lien against the Property.

5. Since purchasing the Property, Plaintiffs have been marketing the Property for sale or lease.  At least five different prospective buyers/lessees have approached Plaintiffs to buy or lease the Property or a portion thereof, but Defendant's lien, which Plaintiffs have tried to resolve, presents an obstacle to Plaintiffs delivering clear title to potential buyers.  Upon information and belief, Defendant is well aware of Plaintiffs' attempts to sell or lease the Property – such sale was one of the premises for the Loan in the first place.

6. On or about May 26, 2021, Defendant accepted a partial payment of $70,000.00 and partially released the judgment lien on the Property.  *See* Partial Release of Judgment Lien (attached hereto as Exhibit C).  Plaintiffs, thus, owe Defendant $13,000 for the remaining balance on the Consent Judgment Order, plus interest at the legal rate.  To release the remainder of the lien, however, Defendant now demands more than $300,000.00 in additional payments from Plaintiffs on the Consent Judgment Order – an amount that has

3

no relationship to the remaining amount due and owing under the Loan and the Consent Judgment Order. Thus, for an original loan amount of $52,100, Defendant now wants to receive more than $370,000.

7. Plaintiffs bring this action seeking a declaration from the Court as to the parties' rights with respect to the remaining amount of principal and interest Plaintiffs owe under the Consent Judgment Order and for damages suffered by Plaintiffs as a results of Defendant's unlawful actions.

**I.    PARTIES**

8. Plaintiff Gary Silversmith is a citizen and domiciliary of Maryland with a business address of 1730 Rhode Island Avenue, N.W., #1005, Washington, DC 20036.

9. Plaintiff P&L Investments & Holdings X, LP is a limited partnership formed under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1730 Rhode Island Avenue, N.W., #1005, Washington, DC 20036.

10. Defendant, Michael Berezovsky, is, upon information and belief, a New York citizen with a last known address of 174 Avenue A, Suite 5B, New York, New York 10009.

**II.   JURISDICTION AND VENUE**

11. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), as this matter involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum specified in 28 U.S.C. § 1332(b).

12. In this case, not only is Defendant unlawfully demanding in excess of $300,000.00 to satisfy the Consent Judgment Order, but Defendant also refuses to accept the actual payment owed and release the judgment lien, thereby encumbering real property belonging to Plaintiffs that exceeds $75,000.00 in value.

13. Venue is proper in the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1391(b)(2), because, among other things, Defendant brought an action in the Superior Court for the District of Columbia in which that court issued the Consent Judgment Order at issue in this case.   Furthermore, the parties contractually agreed that any suit, action or other legal proceeding arising out of or related to the Loan may be brought in a court of record in Washington, DC, or in the courts of the United States located in Washington, DC. *See* Term Loan Agreement & Promissory Note (Ex. A) ¶¶ 8.11.

### III. **FACTS**

14. On December 31, 2012, Plaintiffs signed the Loan, under which Defendant loaned P&L $52,100.00.  Mr. Silversmith personally guaranteed the Loan.

15. Defendant understood before making the Loan that P&L bought Brownfield properties, remediated the potential environmental hazards associated with such properties, and then resold the properties.  The Recitals in the Loan, in fact, indicated that the Loan was to be repaid through P&L's resale of portions of the Property.  Unfortunately, Plaintiffs were unable to sell the Property quickly and eventually, Defendant filed an action in the Superior Court for the District of Columbia to recover on the Loan.

16. On October 15, 2014, the Superior Court for the District of Columbia entered the Consent Judgment Order in favor of Defendant and against Mr. Silversmith and P&L "in the amount of $83,000.00, said amount being reduced to Judgment with post-judgment interest accruing at the legal rate." Consent Judgment Order (Ex. B).

17. The applicable legal statutory interest rate on a judgment is currently 3% in the District of Columbia and 6% in Pennsylvania, respectively. *See* D.C. Code § 28-3302(c) (establishing criteria for post judgment interest determination in the District of Columbia); 42

Pa. Cons. Stat. § 8101 (judgments bear interest at the lawful rate in Pennsylvania except as otherwise provided by another Pennsylvania statute); 41 Pa. Cons. Stat. § 202 ("legal rate of interest" in Pennsylvania is six percent).

18. On April 18, 2019, Defendant recorded the Consent Judgment Order in the Court of Common Pleas of Allegheny County, Pennsylvania as a lien against the Property.

19. On October 1, 2020, Borrower received an offer to lease the Property for three years to the largest trucking vocational school in the United States, 160 Driving Academy, for $4,000.00 per month or a total of $144,000.00. 160 Driving Academy signed a lease and paid the first month rent plus a $4,000.00 damage deposit for a total of $8,000.00. *See* Lease Between Rock Gate Capital LLC DBA 160 Driving Academy & P&L Investments & Holdings Z (the "Lease") (attached hereto as Exhibit D).

20. In October 2020, Plaintiffs signed the Lease, but shortly thereafter, 160 Driving Academy abandoned the Lease and refused to make another payment. Upon information and belief, 160 Driving Academy learned of Defendant's lien on the Property and may have been contacted by Defendant or his agents regarding the Lease and/or repayment of the Loan. Upon information and belief, Defendant's improper conduct had the effect of, among other things, depriving Plaintiffs of $138,000.00 in expected and contracted for lease rental payments. *See* Lease (Ex. D) at 2.

21. After 160 Driving Academy cancelled the Lease, Plaintiffs continued to market the Property for sale and/or lease.

22. In 2021, TRD Properties, LLC contacted Plaintiffs to inquire about purchasing a portion of one of the parcels for the purpose of erecting a billboard. When Plaintiffs presented the opportunity to Defendant, Defendant insisted that he deal directly with TRD

Properties, LLC to negotiate the sale of the portion of the Property. Defendant eventually agreed to the sale of a portion of the Property to TRD Properties, LLC based on Plaintiffs' agreement to use the proceeds of the sale to pay off a portion of the Loan.

23. On or about May 26, 2021, Defendant accepted TRD Properties, LLC's $70,000.00 payment to purchase a portion of one of the parcels of the Property as a partial payment on the Consent Judgment Order and partially released the judgment lien on the Property. *See* Partial Release of Judgment Lien (Ex. C).

24. Since June 2021, Plaintiffs have offered to make additional payments to satisfy the remaining balance they show is owed under the Consent Judgment Order. In response to Plaintiffs' offers, however, Defendant demanded an additional payment in excess of $300,000.00 based on Defendant's calculation of interest using a rate of 30% per annum, which significantly exceeds the legal rate, currently three percent, under District of Columbia law that applies to the Consent Judgment Order.

25. Since June 2021, Plaintiffs have received several offers to purchase the Property, but all subject to Plaintiff delivering fee simple title free and clear of all liens and encumbrances. Defendant has been aware since 2012 that Plaintiffs needed to sell the Property to pay off the Loan. Nevertheless, Defendant now insists that Plaintiffs pay him another $300,000.00. Upon information and belief, Defendant is fully aware that Plaintiffs' business involves leasing or selling the Property, and Defendant's refusal to accept the repayment by Plaintiffs of the amount Defendant is owed and insistence that Plaintiffs pay an inflated repayment amount for the Loan are preventing Plaintiff from being able to sell the Property.

26. Defendant continues to maintain his demand for an interest rate of 30% per annum on the Consent Judgment Order despite his former Pennsylvania counsel's admission on his behalf that, at most, the applicable interest rate to the Consent Judgment Order would be six percent under Pennsylvania law. *See* Email from Defendant's Counsel to Silversmith (Jan. 22, 2021) (attached hereto as Exhibit E).[1]

27. Defendant is litigious and has a penchant for making excessive and/or false demands. For example, several insurance companies sought damages from Defendant for submitting false claims for no-fault insurance benefits. *See Gov't Employees Ins. Co. (GEICO) v. All Points Med. Supply, Inc., et al.*, Case Number 1:17-CV-07340 (E.D.N.Y. 2017); *State Farm Mut. Auto. Ins. Co. v. Fatiha, et al.*, 1:20-CV-00443 (S.D.N.Y. 2020).

28. An actual controversy exists between Plaintiffs and Defendant regarding the amount due and owing to Defendant for principal and interest under the Consent Judgment Order.

## COUNT I:  DECLARATORY JUDGMENT

29. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 above as if fully set forth in this Count I.

30. An actual controversy exists between Plaintiffs, on the one hand, and Defendant, on the other hand, as to (i) the post-judgment interest rate applicable to the Consent Judgment Order; (ii) the amount due and owing under the Consent Judgment Order;

---

[1] Defendant's former counsel's assertion that interest on a judgment once transferred to Pennsylvania is six percent is erroneous. *See Dooley v. Rubin*, 618 A.2d 1014, 1017 (Pa. Super. Ct. 1993) (holding that under Pennsylvania law, a judgment transferred to Pennsylvania under Pennsylvania's Uniform Enforcement of Foreign Judgments Act is subject to the judgment interest rate of the jurisdiction in which it arose).

8

and (iii) Defendant's refusal to accept payment and release the judgment lien filed in the Court of Common Pleas of Allegheny County, Pennsylvania.

31. Defendant contends he is entitled to charge Plaintiffs post-judgment interest on the Consent Judgment Order at a rate of 30% per annum.

32. Defendant's former counsel asserted that Pennsylvania law should apply, however, even if Pennsylvania law applies, the applicable post judgment interest rate in Pennsylvania would be six percent.  *See* 42 Pa. C.S.A. § 8101 (post judgment interest is the "lawful rate") and 41 P.S. § 202 (any reference to "the 'legal rate of interest' and reference in any document to an obligation to pay a sum of money 'with interest' without specification of the applicable rate shall be construed to refer to the rate of interest of six per cent per annum.").  Furthermore, Defendant's own demand for 30% per annum interest on the Consent Judgment Order, if accepted, would fall within Pennsylvania's statutory definition of racketeering activity.  *See* 18 Pa. C.S.A. § 911(h)(1)(iv) (stating the collection of debts that arose from the lending of money at an interest rate above 25% per annum is defined as racketeering activity).

33. The Consent Judgment Order directs that post-judgment interest is limited to the "legal rate."  *See* Consent Judgment Order (Ex. B) ¶ 3.  The legal rate of post-judgment interest on the Consent Judgment Order is dictated by the laws of the District of Columbia and has been no greater than 5% at any given time since entry of the Consent Judgment Order.[2]

---

[2] Under District of Columbia law, the post-judgment interest rate varies.  *See* D.C. Code § 28-3302(c).  Thus, Plaintiffs do not concede that the applicable interest rate is *equal* to 5%.  To the contrary, the applicable interest rate for much of the time in question is 2% based on Plaintiffs' calculations.

34. Applying the applicable District of Columbia statute, therefore, the proper interest rates on the Consent Judgment Order ranges between 2% and 5%.

35. As such, Defendant's demand for 30% per annum interest on the Consent Judgment Order is without legal basis and is against public policy.

## COUNT II:  TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

36. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 above as if fully set forth in this Count II.

37. The Lease constituted a valid contract between one or both of the Plaintiffs and 160 Driving Academy.

38. Defendant was not a party to the Lease.

39. Defendant is aware that Plaintiffs' business model rests on remediating and reselling or letting the Property, and that absent such a sale or lease, Plaintiffs are unable to repay the remaining principal and interest on the Loan.  Upon information and belief, Defendant also is aware that Plaintiffs are seeking to sell the Property and have received offers to buy the Property or portions of the Property, but subject to Defendant delivering title free and clear of liens and encumbrances.

40. Notwithstanding the Lease, the proceeds of which would have been sufficient to pay off the Loan, as well as the potential sale of the Property to pay off the Loan and lien, Defendant intentionally, unlawfully, and improperly continues to demand post-judgment interest on the Consent Judgment Order at a rate of 30% per annum.

41. Upon information and belief, Defendant has intentionally, unlawfully, and improperly continued to demand post-judgment interest on the Consent Judgment Order at a rate of 30% per annum and to maintain a lien on the Property for the purpose of harming one

or both of the Plaintiffs and to pressure them into paying Defendant monies to which Defendant is not entitled.

42. Defendant's actions in intentionally, unlawfully, and improperly continuing to demand post-judgment interest on the Consent Judgment Order at a rate of 30% per annum and in maintaining a lien on the Property are improper and committed without any privilege or justification in acting to interfere.

43. Defendant's actions in intentionally, unlawfully, and improperly continuing demand post-judgment interest on the Consent Judgment Order at a rate of 30% per annum and in maintaining a lien on the Property interfered with the Lease and Plaintiffs' opportunities to sell the Property, thereby causing potentially hundreds of thousands of dollars in damages.

44. One or both of the Plaintiffs suffered actual damages as a result of Defendant's interference in the Lease and the sale of the Property.

45. Defendant's demands that Plaintiffs pay an unlawful interest rate have improperly encumbered Plaintiffs' Property and caused substantial economic damage to Plaintiffs.

46. As a result of Defendant's unlawful demands and refusal to release the judgment lien upon Plaintiffs' payment of the "legal rate" of post-judgment interest, Plaintiffs have also suffered damages, including, without limitation, costs associated with Plaintiffs' inability to sell or lease the Property and substantial costs and attorneys' fees in the effort to satisfy the Consent Judgment Order and release the judgment lien on the Property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Silversmith and P&L pray that the Court enter judgment as follows:

I. On Count I, Declaratory Judgment, in favor of Silversmith and P&L and against Berezovsky declaring as follows:

   a. The post-judgment interest rate on the Consent Judgment Order is determined by and equal to the rate prescribed by D.C. Code § 28-3302(c);

   b. The June 4, 2021 payment of $70,000.00 received by Berezovsky is to be credited against the amount owed, including post-judgment interest at the legal rate, under the Consent Judgment Order as of June 4, 2021;

   c. The amount Plaintiffs still owe on the Consent Judgment Order after crediting the aforementioned $70,000.00 payment is to be determined by applying the legal rate of post-judgment interest to the balance after June 4, 2021; and

   d. Upon payment of the remaining amount owed, Berezovsky is ordered by the Court to release any and all liens, security instruments, and or garnishments based upon the Consent Judgment Order against Plaintiffs and Plaintiffs' real and personal property, including but not limited to the real property located at 801 Ardmore Boulevard, Forest Hills, Pennsylvania 15221.

II.  On Count II, Tortious Interference with Prospective Business Advantage, a judgment in favor of Silversmith and P&L and against Berezovsky finding and ordering:

    a.  Plaintiffs have incurred damages from lost rental income of $4,000.00 per month from an executed lease as a result of Defendant's failure to accept the legally correct pay-off amount on the Consent Judgment Order, and the resulting ownership uncertainty interfered with and caused Plaintiffs to lose the Lease;

    b.  Plaintiffs have incurred damages as a result of Defendant's tortious interference with Plaintiffs' ability to sell the Property due to Defendant's refusal to release the lien on the Property unless Plaintiffs pay Defendant more than $300,000.00

    c.  Plaintiffs' pay-off amount for the Loan shall thus be off-set by the amount of damages ($138,000.00) in connection with the Lease caused by Defendant's opprobrious conduct;

    d.  Plaintiffs' pay-off amount for the Loan shall thus be off-set by damages to be determined at trial based on Defendant's tortious interference with Plaintiffs' prospective business advantage; and

    e.  Should Plaintiffs' damages exceed the amount owed by Plaintiffs on the Consent Judgment Order, Defendant shall pay Plaintiffs the amount exceeding the funds required to satisfy the Consent Judgment Order.

III.  Awarding Plaintiffs' their fees and costs associated with this matter, including, without limitation, reasonable attorneys' fees; and

IV.  Granting such other and further relief as the Court deems just and proper.

Dated:  April 11, 2022                               Tayman Lane Chaverri LLP

                                          By: /s/ Jason D. Wallach
                                          Jason D. Wallach (D.C. Bar #456154)
                                          David Lee Tayman (D.C. Bar #493244)
                                          Tayman Lane Chaverri LLP
                                          2001 L Street, NW
                                          Suite 500
                                          Washington, DC  20036
                                          Telephone: (202) 695-8147
                                          Email:
                                              dtayman@tlclawfirm.com
                                              jwallach@tlclawfirm.com

                                          *Counsel for Plaintiffs*

### REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues so triable.

                                          /s/ Jason D. Wallach

                                          Jason D. Wallach